United States District Court
Southern District of Texas

**ENTERED**

December 09, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANITA S ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-400 |
| | § | |
| ENERGY TRANSFER PARTNERS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING
## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed this action on September 21, 2016, alleging she was terminated from her employment with Defendant in violation of federal law (D.E. 1).   Pending is Plaintiff's motion for appointment of counsel (D.E. 7).   The motion is denied without prejudice.

No constitutional right to appointment of counsel exists in civil cases.  *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994).   A district court is not required to appoint counsel unless "exceptional circumstances" exist.  *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986)).   Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and

equitable disposition of the case." *Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Regarding the first factor, Plaintiff's claims do not appear at this stage to be complex.  Plaintiff provided very little detail in her complaint, but she does allege that she was fired in retaliation her whistle-blowing activities and complaints about payroll indiscretions and financial reconciliation  practices of Defendant (D.E.1).

The second and third factors are whether the Plaintiff is in a position to adequately investigate and present her case. Based on her complaint and presentation during the December 9, 2016, hearing, Plaintiff appeared to be articulate and intelligent.  She appeared to understand the filing and discovery procedures.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time.  Thus, plaintiff's motion for appointment of counsel (D.E. 7) is denied without prejudice, subject to renewal should counsel be warranted at a later date.

ORDERED this 9th day of December, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE