United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANITA S ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-400 |
| | § | |
| ENERGY TRANSFER PARTNERS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant Energy Transfer Partners d/b/a Stripes Convenience Stores, LLC's (Stripes), Motion to Compel Arbitration and Stay Pending Case to which Plaintiff, Anita Adams, responded (D.E. 19, 22). Stripes filed a reply to the response on March 22, 2017 (D.E. 27). For the reasons discussed more fully below, it is recommended that Defendant's motion be granted and that this lawsuit be stayed and administratively closed pending arbitration of the issues.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action on September 21, 2016. She began working for Susser Holdings, LLC, (Susser) in the accounting department on August 14, 2003. Susser was the parent company of Stripes and Plaintiff was employed as the supervisor of reconciliation and document imaging in the Stripes retail accounting department. Plaintiff alleges that she was terminated for adhering to company guidelines, refusing to fraternize with employees, acting as a whistle-blower with regard to payroll

indiscretions, and questioning reconciliation procedures that did not appear to produce an accurate accounting.

Susser, among other business enterprises, operated a group of Stripes convenience stores in Oklahoma, Texas, and New Mexico. Effective January 1, 2008, Susser adopted an arbitration policy that mandates that all claims and disputes that an employee has against the company are subject to arbitration (*See* Ex. 1 to Mot. to Compel, D.E. 23-1). Plaintiff acknowledged receipt of the arbitration policy on May 15, 2008 (*See* Ex. 2 to Mot. to Compel, D.E. 23-2).

In 2014, Susser was acquired in a merger by Energy Transfer Partners (ETP). Stripes became a subsidiary of ETP as a result of the merger, but Plaintiff continued to work for Stripes until she was terminated on July 9, 2015.

Defendant argues that Plaintiff's claims are subject to the arbitration agreement and should be submitted to an arbitrator rather than decided in this lawsuit. Plaintiff counters that the arbitration agreement was between herself and Stripes. She asserts that when ETP became her employer in 2014, the arbitration agreement was no longer valid.

## APPLICABLE LAW

The arbitration agreement specifies that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (FAA), governs the interpretation, enforcement, and all judicial proceedings related to the arbitration policies and procedures set forth in the arbitration agreement (Ex. 1 to Mot. to Compel, D.E. 23-1 at p. 7). Pursuant to the FAA, district courts are directed to order parties to arbitrate issues covered by a valid arbitration agreement. 9 U.S.C. §§ 3,

4. Federal policy strongly favors arbitration. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 224 (1987).

When a court is asked to compel arbitration, its first task is to determine whether the parties entered into a binding agreement to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). When making the determination, the court looks at two issues: whether there is a valid agreement between the parties and whether the dispute in question falls within the scope of the arbitration agreement. *J.P. Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). Whether a valid arbitration agreement exits is a matter of contract and is governed by state contract law. *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014). Arbitration agreements, like other contracts, may be invalidated by contract defenses such as fraud, duress, unconscionability, or waiver. *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63, 78 (2013)(citing *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996)). Challenges to the existence or formation of a contract are for the court to decide. *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 318 (5th Cir. 2014).

Plaintiff claims that after the merger in 2014, she was an employee of ETP and that ETP is not a party to the arbitration agreement. Defendant counters that Plaintiff continued to work for Stripes, rather than ETP after the merger. However, even if that is not true and Plaintiff did work for ETP and not Stripes, the arbitration agreement states that it is binding on Susser and its successors and affiliated companies (Ex. 1 to Mot. to

Compel, D.E. 23-1 at p. 3). Plaintiff does not dispute that ETP is a successor to Stripes. Accordingly, the agreement continued to apply to Plaintiff after the 2014 merger.

In determining whether a valid arbitration agreement exists, the first inquiry is whether the parties entered into a binding agreement to arbitrate the dispute. *Mitsubishi Motors Corp.*, 473 U.S. at 626. To determine that, the court looks at whether there is a valid agreement between the parties and whether the dispute in question falls within the scope of the arbitration agreement. *J.P. Morgan Chase*, 492 F.3d at 598.

Plaintiff does not dispute that she signed the 2008 arbitration agreement or that it was valid when she signed it. Included in the types of matters referred to arbitration by the agreement are claims for wrongful termination (Ex. 1 to Mot. to Compel, D.E. 23-1 at p. 3). Accordingly, Plaintiff's claims, as described in her complaint, fall squarely within the terms of the arbitration agreement.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Compel Arbitration (D.E. 19) be GRANTED and that the parties be ordered to arbitrate Plaintiff's claims of wrongful termination as set forth in the arbitration agreement. It is further recommended that this action be stayed and administratively closed pending arbitration of the claims.

Respectfully recommended this 3rd day of April, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).