UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANITA S ADAMS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-400 |
| § | |
| ENERGY TRANSFER PARTNERS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Stripes, LLC's Motion to Compel Arbitration and Stay Pending Case (D.E. 19). On April 3, 2017, Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R, D.E. 28), recommending that the motion to compel be granted and that this case be stayed pending the arbitration. Plaintiff Anita Adams' response to the motion was filed pro se. She is now represented by counsel and has filed an objection to the M&R and a motion to clarify (D.E. 31). The identical document was also filed as a response to the motion to compel arbitration (D.E. 30). The Court strikes D.E. 30 as an untimely response. Defendant responded to Plaintiff's objection and motion to clarify. (D.E. 33).

Plaintiff opposed Defendant's motion to compel arbitration on the basis that after her employer was acquired in a merger, she became an employee of Energy Transfer Partners (ETP) and ETP is not a party to the arbitration agreement. D.E. 22, 31. This argument has now been withdrawn. D.E. 31, p. 1 ("Plaintiff now abandons that [successor employer] argument"). Plaintiff states that she objects to the M&R, but fails to state any reason for the objection. She simply states that the motion to compel

arbitration should be denied. Alternatively, she moves the Court to enter an order clarifying certain procedural issues regarding the arbitration.

Defendant argues that a motion to compel arbitration is a nondispositive matter for purposes of Federal Rule of Civil Procedure 72. Thus the Magistrate Judge's M&R is subject to the deferential "clearly erroneous or contrary to law" standard of review rather than de novo review. Fed. R. Civ. P. 72(a) & (b). The Fifth Circuit has not decided whether such a motion is a dispositive or nondispositive motion. The First and Third Circuits and at least two district courts in Texas have held that such matters are nondispositive. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010); *Virgin Islands Water & Power Auth.*, 561 Fed. Appx. 131, 134 (3d Cir. 2014); *Tige Boats, Inc. v. Interplastic Corp.*, No. 1:15-CV-0114-P-BL, 2015 WL 9268423, at *1 (N.D. Tex. Dec. 21, 2015); *Archer & White Sales, Inc. v. Henry Schein, Inc.*, No 2:12-cv-572-JRG, 2016 WL 7157421, at *2 (E.D. Tex. Dec. 7, 2016); *but see ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02-CV-1103 (GTE/DRH), 2009 WL 2424553, at *1 n.1 (N.D.NY. Jan. 21, 2009) ("In this circuit, motions to compel arbitration are treated as dispositive motions . . . ."), *report & recommendation adopted*, 2009 WL 2424552 (Aug. 5, 2009). The Court agrees with those holdings, and will review the Magistrate Judge's recommendation under the clearly erroneous or contrary to law standard of review. The Court need not apply the more stringent review merely because the Magistrate Judge issued a recommendation. *Tige Boats*, 2015 WL 9268423, at *3 (citing *Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 794-96 (S.D. W. Va. 2004)). The proper standard of review is determined by the nature of the matter considered. *Id.*

After reviewing the M&R, the Court finds no clear error or that it is contrary to law. The Court ADOPTS the M&R, GRANTS the motion to compel arbitration, and STAYS this action pending arbitration.

Regarding Plaintiff's motion to clarify, she requests: (1) that the arbitration be conducted under Dispute Solution, Inc.'s (DSI's) rules or the American Arbitration Association's (AAA's) employment rules, and (2) that the arbitrator determine the number of depositions that each side may take. The Court finds that these are procedural issues to be decided by the arbitrator, not the Court. "Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010); *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 546 (5th Cir. 2016). The Court DENIES the motion to clarify.

In the prayer paragraph, Plaintiff requests, without explanation, an award of attorney's fees, interest, costs, and other relief to which she might be entitled. This request is DENIED.

The parties are ORDERED to file with the Court, on or before November 30, 2017, and every six months thereafter, status reports advising the Court whether the dispute has been resolved and whether this action should remain pending.

ORDERED this 30th day of May, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE